**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Luis GARCIA DE LEON,
Defendant—Appellant.**

No. 01–50420.

United States Court of Appeals,
Ninth Circuit.

Submitted May 4, 2005.*

Decided June 28, 2005.

Peter A. Hernandez, Esq., United States Attorneys Office, Los Angeles, CA, for Plaintiff—Appellee.

Jerald L. Brainin, Los Angeles, CA, for Defendant—Appellant.

Before: O'SCANNLAIN and WARDLAW, Circuit Judges, and LOVELL,** District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Charles C. Lovell, Senior United States District Judge for the District of Montana, sitting by designation.

MEMORANDUM ***

Jose Luis Garcia De Leon ("Garcia") appeals his conviction and sentence for conspiracy to transport illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(v)(I); transporting illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(ii); harboring illegal aliens, 8 U.S.C. § 1324(a)(1)(A)(iii); bringing illegal aliens into the country for financial gain, 8 U.S.C. § 1324(a)(2)(B)(ii); and hostage taking, 18 U.S.C. § 1203(a). We have jurisdiction under 28 U.S.C. § 1291. We affirm Garcia's conviction, but issue a "limited remand" pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc).

■ The district court did not abuse its discretion in allowing Garcia's victims to testify about the abuse they suffered while being held hostage. As Garcia concedes, the evidence was relevant. *See* Fed. R.Evid. 401. The victims' testimony as to the physical and sexual abuse was probative of the issue of consent in the hostage taking charge and was necessary to provide the jury with a full narrative of what transpired in the Canoga Park apartment. *See United States v. Hicks*, 103 F.3d 837, 843–44 (9th Cir.1996) (finding that evidence of murder and rape was admissible in carjacking case because it related to elements of the offense and allowed the government to offer a coherent story to the jury). The evidence was also relevant to the infliction of bodily harm element in 8 U.S.C. § 1324(a)(1)(B)(iii).

■ Nor did the district court abuse its discretion in holding that the testimony was not unduly prejudicial, especially because the government was precluded from dwelling upon the details of the abuse. *See* Fed.R.Evid. 403; *Old Chief v. United*

*States,* 519 U.S. 172, 182–83, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) (giving the district court the discretion to weigh the probative value of evidence against any prejudice).

It is undisputed that the district court properly instructed the jury on the elements of hostage taking. Although it is reversible error for the district court to refuse to give a theory of defense instruction when there is some foundation for the defense in the evidence, Garcia's proposed instruction was not directed at a theory of his defense but, as the district court concluded, merely a version of Garcia's closing argument. *See United States v. Parker,* 991 F.2d 1493, 1497 (9th Cir.1993) (district court need not give a proposed "theory of defense" instruction "when it is simply a recitation of the facts told from the defendant's perspective"); *United States v. Yarbrough,* 852 F.2d 1522, 1541–42 (9th Cir. 1988) (district court need not give a proposed "theory of defense" instruction that merely duplicates the judge's proposed instructions on the burden of proof). Thus, the district court's formulation of the jury instructions is reviewed for abuse of discretion. Here, the district court did not abuse its "substantial" discretion in refusing to formulate the hostage taking instruction using the defendant's language. *United States v. Hicks,* 217 F.3d 1038, 1045 (9th Cir.2000).

Garcia challenges on appeal the sentencing enhancement the district court used to increase his sentence as error under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because Garcia did not challenge his sentence on Sixth Amendment grounds in the district court, we grant a "limited remand" pursuant to *United States v. Ameline,* 409 F.3d at 1084.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

AFFIRMED IN PART AND RE-MANDED IN PART.